## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOISES BATRES GUEVARA<br>540 North Thomas Street, Apt. 6<br>Arlington, Virginia 22203<br><br>And<br><br>JOSE GABINO BATRES GUEVARA<br>540 North Thomas Street, Apt. 6<br>Arlington, Virginia 22203<br><br>      PLAINTIFFS<br><br>v.<br><br>ISCHIA, INC<br>d/b/a RISTORANTE LE PERLA OF WASHINGTON<br>2600 Pennsylvania Avenue, Suite 101<br>Washington, DC 20037<br><br>Serve:  Washington Registry, LTD<br>1912 Sunderland Place, NW<br>Washington, DC 20036<br><br>And<br><br>VITTORIO TESTA<br>2600 Pennsylvania Avenue, Suite 101<br>Washington, DC 20036<br><br>      DEFENDANTS. | Case No.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>COMPLAINT</u>

Plaintiffs Moises Batres Guevara ("M. Guevara") and Jose Gabino Batres Guevara ("J. Guevara") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendants Ischia, Inc. d/b/a Ristorante Le Perla of Washington ("Ischia") and Vittorio Testa ("Testa") (together, "Defendants")  to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the Commonwealth of Virginia.  By participating as named plaintiffs in this action, Plaintiffs hereby consent to participate in an action under the FLSA.

2.      Plaintiffs have filed this action against both of their "employers" while they performed work duties at Defendants' restaurant located in Washington, D.C.

3.      The FLSA and DCMWA define "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See Del Villar v. Flynn Architectural Finishes,* 664 F.Supp.2d 94, 96 (D.D.C.2009) (Because the DCMWA and FLSA contain nearly identical provisions with respect to employers' liability, the DCMWA is to be construed consistently with the FLSA).

4.      Ischia is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

5.      On information and belief, at all times during Plaintiffs' employment period, Testa was the primary owner, executive chef, and managing officer of Ischia.

6.      At all times during the period of Plaintiffs' employment, Testa had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

7.      At all times during the period of Plaintiffs' employment, Testa supervised Plaintiffs' work duties to ensure Plaintiffs' work was of sufficient quality.

8.      At all times during the period of Plaintiffs' employment, Testa set and controlled Plaintiffs' work schedule.

2

9.   At all times during the period of Plaintiffs' employment, Testa set and determined Plaintiffs' rate and method of pay.

10.   On information and belief, at all times during the period of Plaintiffs' employment, Testa maintained what few employment records exist relating to Plaintiffs or caused such records to be maintained.

11.   At all times during the period of Plaintiffs' employment, Testa controlled and were both in charge of the day-to-day operations of Defendants' restaurant.

12.   At all times during Plaintiffs' employment, Defendants served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

13.   On information and belief, each year during Plaintiffs' employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14.   At all times during Plaintiffs' employment, Plaintiffs were individual employees who, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiffs was individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15.   Pursuant to the foregoing, at all times, both Defendants were Plaintiffs' "employers" for purposes of the FLSA and the DCMWA.

16.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

17.     M. Guevara was employed by Defendants from about October 1, 2010 through about May 24, 2011 (approximately 33.6 weeks).

18.     J. Guevara was employed by Defendants from about 2007 through about May 19, 2013 (156 weeks in applicable statute of limitations period).

19.     While in Defendants' employ, Plaintiffs typically and customarily worked about seventy-eight (78) to eighty-two (82) or more hours per week.

20.     From about October 1, 2010 through about February 2011 (approximately 21.4 weeks) Defendants paid M. Guevara at the flat weekly salary of $300.00 per week. Thereafter, from about March 1, 2011 through about May 24, 2011 (approximately 12.2 weeks), Defendants paid M. Guevara at the flat weekly salary of $425.00 per week.

21.     From about June 2010 through about September 2012 (approximately 120 weeks) Defendants paid J. Guevara at the flat weekly salary of $450.00 per week. Thereafter, from about October 1, 2012 through May 19, 2013 (approximately 36 weeks) Defendants paid J. Guevara at the flat weekly salary of $575.00 per week.

22.     The FLSA and DCMWA require employers to keep accurate employment records reflecting the hours employees work and the rate and method at employees are paid. *See* 29 U.S.C. § 211(c); D.C.Code 32–1008(b).

4

23.     If an employer fails to keep accurate employment records, an employee with an FLSA or DCMWA claim may satisfy his burden by proving that he has in fact performed work for which he was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88 (1946)).

24.     In such a situation where the employer has failed to keep accurate employment records, the burden shifts to the employer to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence. *Anderson,* 328 U.S. at 687–688.

25.     If an employer fails to produce evidence to rebut the employee, the Court may award damages, even if the award is only approximate. *Anderson,* 328 U.S. at 687–688.

27.     On information and belief, during the course of Plaintiffs' employment with Defendants, Defendants failed to keep or maintain accurate records recording the number of hours Plaintiffs worked each week and the rate at which Plaintiffs were compensated.

28.     Plaintiffs do not have, in their possession, documents reflecting the exact number of hours they worked each week, but it is Plaintiffs' reasonable estimation and belief, based on first hand knowledge, that at all times during Plaintiffs' employment, Plaintiffs typically and consistently worked all hours as set forth above.

29.     At all times during Plaintiffs' employment, Defendants had knowledge that Plaintiffs typically and consistently worked all hours set forth above and that Defendants suffered or permitted Plaintiffs to work all hours herein alleged.

30.     At all times during Plaintiffs' employment, Defendants paid Plaintiffs a flat weekly salary in the amounts as set forth above.

31.     The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

32.     According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424-25 (1945).

33.     Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 58 (D.D.C. 2006).

34.     At no time during the period of Plaintiffs' employment did Plaintiffs and Defendants reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiffs' salary was intended to compensate Plaintiffs at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiffs' rate of pay for hours worked each week in excess of forty (40).

35.     At no time during the period of Plaintiffs' employment did Defendants ever, in addition to Plaintiffs' flat salary, pay extra wages to Plaintiffs for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiffs' regular rate of pay.

36.     In legal truth, Defendants paid Plaintiffs their flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiffs no wages at all for hours worked each week in excess of forty (40).

37.     Defendants should have paid Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked each week in excess of forty (40).

38.     At no time during Plaintiffs' employment did Plaintiffs perform work duties that would make Plaintiffs exempt from the overtime requirement of the FLSA or DCMWA.

39.     For the entire period of M. Guevara's employment, M. Guevara is owed unpaid wages in the amount of approximately $19,022.88 (($300.00 per week / 40 hours per week = $7.50 per hour (less than the DC Minimum Wage = $8.25 per hour) = $0.75 owed per non-overtime hour * 40 non-overtime hours per week = $30.00 per week) +

($8.25 * 1.5 = $12.38 per overtime hour owed * about 40 overtime hours per week = $495.20) = about $525.20 per week * about 21.4 weeks = $11,239.28) + ($425 per week / 40 hours per week = $10.63 per hour * 1.5 = $15.95 owed per overtime hour * about 40 overtime hours per week = about $638.00 per week) * 12.2 weeks = about $7,783.60) = about $19,022.88).

40.     For the period of employment for which J. Guevara worked and may recover unpaid wages, J. Guevara is owed about ($450.00 per week / 40 hours per week = $11.25 per hour * 1.5 = $16.88 owed per overtime hour * about 40 overtime hours per week = $675.20 owed per week * about 120 weeks = about $81,024.00) + ($575.00 per week / 40 hours per week = $14.38 per hour * 1.5 = $21.57 owed per overtime hour * about 40 overtime hours per week = about $862.80 per week * about 36 weeks = $31,060.80) = $112,084.80).

41.     An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

42.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

43.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation

omitted).

44.     Here, Defendants' failure to pay Plaintiffs wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendants had no reasonable grounds for believing their failure to pay Plaintiffs overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

45.     Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages.  As such, in addition to their unpaid overtime wages, Plaintiffs are entitled to liquidated damages in an equal amount.

46.     The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendants to the successful Plaintiffs.  As such, Plaintiffs are entitled to payment, by Defendants, of their attorney's fees and costs.

47.     The FLSA provides that a court "**shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).  In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory.  *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

48.     "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433.

49.     The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id*. at 434.

50.     In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American*

*Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied,* 472 U.S. 1021 (1985), commonly referred to as the *"Laffey* Matrix."

51.    In addition to unpaid wages and liquidated damages in an equal amount, Plaintiffs are entitled to payment, by Defendants, of their attorney's fees and costs, using the "lodestar method" and applying the *"Laffey* Matrix."

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

52.    Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-54 above, as if each were set forth herein.

53.    The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

54.    At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both of the Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

55.    Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate for all hours worked per week in excess of forty (40).

56.    As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week.

57.     As set forth above, Defendants failed and refused to pay Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

58.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

59.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-58 above, as if each were set forth herein.

60.     Plaintiffs were Defendants' "employees," and both of the Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

61.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

62.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week.

63.     As set forth above, Defendants failed and refused to compensate Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

64.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Minimum Wage)**

65.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-58 above, as if each were set forth herein.

66.     Plaintiffs were Defendants' "employees," and both of the Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

67.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs for non-overtime hours worked each week at an hourly rate at least equal to the District of Columbia Minimum Wage, $8.25 per hour.

68.     As set forth above, while in Defendants' employ, J. Guevara worked approximately 21.4 weeks during which Defendants paid J. Guevara a flat weekly salary in the amount of $300.00 per week.

69.     During this time period, J. Guevara's regular rate of pay was equal to approximately $7.50 per hour ($300.00 per week / 40 hours per week = $7.50 per hour).

70.     As a consequence of the foregoing, Defendants failed to compensate J. Guevara at an hourly rate at least equal to the District of Columbia Minimum Wage.

71.     Defendants' failure and refusal to pay J. Guevara minimum wage compensation as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to J. Guevara under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg
Bar No. MD17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*