IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOISES BATRES GUEVARA, *et al.* | * | |
| | * | |
| PLAINTIFFS | * | |
| | * | |
| v. | * | Case No.:  13-895 (JDB) |
| | * | |
| ISCHIA, INC, *et al.* | * | |
| | * | |
| DEFENDANTS. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND THAT THE COURT DISMISS THE CASE WITH PREJUDICE

The Plaintiffs and Defendants jointly seek approval of their settlement of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and entry of a stipulated judgment.  Since Plaintiffs have filed claims under the FLSA, the settlement must be approved by the Court.

1.     An employee may only release claims for wages pursuant to the Fair Labor Standards Act ("FLSA") under the supervision of the Secretary of Labor or by court approval, and the parties must file the Settlement Agreement with this Court for approval. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010)

2.     A settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted).

1

3.     Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked and the plaintiff's status as an exempt employee. *See id.*

4.     The settlement here is a fair and reasonable resolution of the disputes. In reaching agreement, Plaintiffs and the Defendants have taken into account the uncertainty and risks in litigation, as well as the costs that each party will incur if the litigation continues. They have concluded that it is in their mutual interest to resolve the litigation now in the manner set the manner set forth in the attached Settlement Agreement and General Release. (Submitted in camera, *see infra*.)

5.     The parties have fully participated and discovery and have reviewed all relevant documents, sworn statements, and evidentiary support for each party's factual and legal position.

6.     The parties have engaged in arms-length and good-faith negotiations, discussed the merits and probability of success of Plaintiffs' legal arguments and the Defendants' legal defenses, and have reached mutually agreeable settlement agreements.

7.     Plaintiffs have been given an opportunity to review all documents in Defendants' possession relating to their claims, considered the potential value of their claims, strongly considered the strength of Defendants' defenses, and concluded that the proposed settlement provides a fair and reasonable resolution of their claims.

8.     The Defendants support this result because it eliminates the uncertainties and risks of further litigation.

9.     Moreover, Plaintiffs understand that, by entering into the settlement agreement, and in consideration of the promises made by Defendants as set forth therein, Plaintiffs are agreeing (i) to dismiss their lawsuit with prejudice, with each party to be responsible for their

own attorney's fees and costs, except as provided for under the agreement; and, furthermore (ii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that they may have had, under the Fair Labor Standards Act or otherwise, in connection with Plaintiffs' employment prior to the date of the settlement agreement.  Plaintiffs acknowledge their decision to settle their lawsuit is voluntarily made of their own accord, without any pressure, coercion or undue influence by anyone. To ensure that the parties' settlement agreement is valid and enforceable, the parties jointly present the attached settlement agreement for the Court's review and approval.

10. Plaintiffs and Defendants request the Court maintain *in camera* the Parties' court approved "Confidential Settlement Agreement, Release and Waiver" and that the Court dismiss with prejudice Plaintiffs' claims against Defendants.

WHEREFORE, Plaintiffs and Defendants request the Court dismiss Defendants from the above captioned action with prejudice.

Respectfully submitted,

___/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, MD17291
Zipin, Amster & Greenberg
836 Bonifant Street
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(301) 587-9397 (fax)
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

      /s/ John C. Cook
John C. Cook, DC Bar No. 421528
Lee B. Warren, DC Bar No. 984874
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
Phone (703) 865-7480
Fax (703) 865-7480
Email:  jcook@cookcraig.com
      lwarren@cookcraig.com

*Counsel for Defendants*

4